IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNETH L. KIRKLAND**, )
)
    Petitioner, )
)
V. ) Case No. **10-cv-958 -MJR**
)
**UNITED STATES OF AMERICA**, )
)
    Respondent. )

## ORDER

**REAGAN, District Judge:**

Before the Court is Petitioner Kirkland's pro se motion seeking discovery in relation to his petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). In effect, Kirkland is asking the government, and its component agencies, to produce all documents and tangible records related to the criminal investigation of Kirkland and the resulting criminal case. Kirkland asserts that the requested materials will enable him to establish that he is entitled to relief.

Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts permits the Court, in its discretion, and for good cause shown, to permit discovery. *See also Lafuente v. U.S.*, 617 F.3d 944 946 (7th Cir. 2010). Whether discovery is warranted depends on the nature of the claims underpinning the Section 2255 petition. ***See Bracy v. Gramley, 520 U.S. 899 904 (1997) (before addressing whether petitioner is entitled to discovery, first identify the essential elements of the claim).*** "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures

1

for an adequate inquiry.'" ***Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286 , 300 (1969)).**

Kirkland's Section 2255 petition presents a single argument regarding the ineffective assistance of trial counsel, Phillip J. Kavanaugh. Kirkland contends that his attorney was ineffective when he failed to request the suppression of Kirkland's confession to DEA Agent Rigel, based on an unreasonable amount of time passing before Kirkland was brought before a Magistrate Judge for a probable cause hearing. Petitioner's argument is premised upon the so-called "six-hour rule," and he cites, primarily, 18 U.S.C. § 3501(c), *McNabb v. U.S.*, 318 U.S. 332 (1943), and *Mallory v. U.S.*, 354 U.S. 449 (1957). Kirkland asserts that, in an effort to evade the six-hour rule, the DEA and the Fairview Heights Police colluded to prolong his detention before he was turned over to federal custody and taken before a Magistrate Judge.

Without consideration of the merits of Kirkland's petition, the issue(s) raised in the petition do not appear to warrant discovery, and certainly not the broad "fishing expedition" proposed by Kirkland. The facts regarding Kirkland's arrest and time in custody before appearing before a Magistrate Judge do not appear to be at issue. Rather, the issue is whether it amounted to ineffective assistance of counsel not to raise that particular argument in an attempt to suppress Kirkland's confession. The government's response to the petition and production of the record should help establish if there are any disputed factual issues that necessitate discovery. After receiving the government's response, if Kirkland desires to move for leave to conduct discovery, he will be in a better position show cause for permitting discovery , and he will be able to appropriately narrow the scope of his proposed discovery requests.

**IT IS THEREFORE ORDERED** that petitioner Kirkland's motion for discovery

(Doc. 4) is **DENIED** without prejudice.  The Court will remain open to entertaining a motion for discovery after the government's response to the Section 2255 is filed.

    **IT IS SO ORDERED.**

    DATED:  April 21, 2011

                                        **s/ *Michael J. Reagan***
                                        **MICHAEL J. REAGAN**
                                        **UNITED  STATES  DISTRICT  JUDGE**